IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY EDMONDS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1280 |
| | ) | Judge David Stewart Cercone/ |
| THE MERCER COUNTY JAIL; WARDEN | ) | Magistrate Judge Amy Reynolds Hay |
| JEFFARY GILL; DEPUTY WARDEN | ) | |
| GRAIG; DEP. WARDEN MORGANSON; | ) | |
| CORR. OFFICER NOVAK, | ) | |
| | ) | |
| Defendants | ) | Re Dkt. [19] |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the motion to dismiss be granted

REPORT

Henry Edmonds ("Plaintiff") has brought a civil rights action against the following defendants: (1) the Mercer County Jail ("Jail" or "County"); (2) its warden, Jeffary Gill; (3) its deputy warden, Craig; (4) a second deputy warden, Morganson; and (5) Corrections Officer Novak. The suit is brought pursuant to 42 U.S.C. § 1983 on a claim of deliberate indifference to the safety of Plaintiff when he was allegedly housed with a mentally ill prisoner who was provided a razor by the Defendants and who, allegedly attempted to commit suicide with the razor. In the course of attempting to commit suicide, the prisoner allegedly attempted to attack Plaintiff, who suffered some cuts and was taken to a hospital as a precaution.

Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), Dkt. [19],

seeking dismissal of the complaint against the Jail only, noting that the Jail lacks legal capacity to be sued. The Defendants also filed a brief in support. Dkt. [20]. The Court ordered Plaintiff to file a response. Dkt. [23]. Plaintiff filed an initial response, in which he argued that "[i]f the Mercer County jail isn't truly responsible that [sic] shorly [sic] the people who run the jail are, which is [sic] the Defendants." Dkt. [28] at 1. Subsequently, Plaintiff filed a nearly identical response. Dkt. [32].

### *Standard of Review*

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the Court must accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations and all reasonable inferences to be drawn therefrom, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or, put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

*Discussion*

As noted, Plaintiff has brought suit under Section 1983 and attempts to hold the Mercer County Jail liable for allegedly violating his constitutional rights. However, the Defendant Jail points out that it does not possess the capacity to be sued. "Capacity" refers to party's ability to sue and be sued in federal court. Koog v. United States, 852 F. Supp. 1376 (W.D. Tex. 1994), judgment rev'd on other grounds, 79 F.3d 452 (5th Cir. 1996) (defining "capacity" with respect to federal courts); Ward v. Baldwin Lima Hamilton Corp., C. A. No. 84-0232, 1985 WL 2830, at (E.D. Pa., Sept. 30, 1985)("'Capacity' refers to the ability of an entity to be brought into, or to use, the courts of a forum."). This Curt agrees that the Jail has no capacity to be sued. Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003)("county jails are not legal entities amenable to suit."); Russell v. Mobile County Sheriff, No. Civ. A. 00-0410-CB-C, 2000 WL 1848470, at * 2 (S.D.Ala. Nov. 20, 2000) (finding that the Mobile County Jail is not a suable entity); Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (finding that the jail is not an entity amenable to suit); House v. Cook County Dept. of Corrections, No. 98 C 788, 1998 WL 89095, at *2 (N.D.Ill. Feb. 13, 1998) (same); May v. North County Detention Facility, No. C 93-1180 BAC, 1993 WL 300290, at *2 (N.D.Cal. July 21, 1993) (same); see also Castillo v. Cook Co. Mail Room Dept., 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows that the subdivision, the mail

3

room, is not a suable entity).

Accordingly, the Jail's motion to dismiss should be granted.

However, it is possible that Plaintiff intended to sue Mercer County by his naming of the Mercer County Jail. Even if we were to liberally construe Plaintiff's naming of the Mercer County Jail as a way of naming Mercer County, the complaint would still be subject to dismissal pursuant to all three of the PLRA's screening provisions, i.e., 28 U.S.C. §§ 1915A and 1915(e) and 42 U.S.C. § 1997e.

In order to hold a municipal entity, such as Mercer County, liable under Section 1983, the municipal entity itself must have committed a constitutional tort, it cannot be held liable solely on the basis of respondeat superior. See, Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1981) (noting there is no respondeat superior liability under Section 1983). "'Respondeat superior is a doctrine of vicarious liability based upon public policy [and] the notion that the person who benefits by the acts of the servant must pay for wrongs committed by the servant; the one held liable as master need not be at fault in any way.'" McClelland v. Facteau, 610 F.2d 693, 695 (10th Cir. 1979). Hence, the only way a defendant can be liable under Section 1983 is based upon facts showing that the defendant was personally involved in depriving the civil rights of the plaintiff, i.e., personally engaged in wrongdoing.

The Supreme Court explained how a Section 1983 plaintiff can establish a municipal entity's liability in the following way:

> We held in Monell v. New York City Dept. of Social Servs., 436 U.S. [658], 689 [1978], that municipalities and other local governmental bodies are "persons" within the meaning of § 1983. We also recognized that a municipality may not be held liable under § 1983 solely because it employs a tortfeasor. Our conclusion rested partly on the language of § 1983 itself. In light of the statute's

4

> imposition of liability on one who "subjects [a person], or causes [that person] to be subjected," to a deprivation of federal rights, we concluded that it "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." Id., at 692. Our conclusion also rested upon the statute's legislative history. As stated in Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986), "while Congress never questioned its power to impose civil liability on municipalities for their own illegal acts, Congress did doubt its constitutional power to impose such liability in order to oblige municipalities to control the conduct of others"(citing Monell, supra, at 665-683). We have consistently refused to hold municipalities liable under a theory of respondeat superior. [citations omitted]
>
> Instead, in Monell and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. [citations omitted] Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403-404 (1997).

The complaint is utterly devoid of any allegation of custom or policy. At best, the complaint seeks to hold the County, construed as the Mercer County Jail, liable merely on the basis of respondeat superior, i.e., the County employed the individual defendants who were allegedly tortfeasors. Such is insufficient as a matter of law. Hence, to the extent that a liberal reading of the complaint would permit the court to construe the reference to the Mercer County Jail as a reference to Mercer County, the complaint should be dismissed because it fails to state a claim against Mercer County.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections by July 28, 2008 and responses are

5

due seven (7) days thereafter in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

                                                               Respectfully submitted,

                                                               */s/ Amy Reynolds Hay*
                                                               United States Magistrate Judge

Dated: 8 July, 2008

cc:     Hon. David S. Cercone
        United States District Judge

        Henry Edmonds
        Mercer County Jail
        55 Thompson Road
        Mercer, PA 16137

        All counsel of record via CM-ECF