IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY EDMONDS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1280 |
| | ) | Judge David Stewart Cercone/ |
| THE MERCER COUNTY JAIL; WARDEN | ) | Magistrate Judge Amy Reynolds Hay |
| JEFFARY GILL; DEPUTY WARDEN | ) | |
| GRAIG; DEP. WARDEN MORGANSON; | ) | |
| CORR. OFFICER NOVAK, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Dkt. 4] be dismissed for failure to prosecute.

II.     Report

The plaintiff, Henry Edmonds, has presented a civil rights complaint against Warden Jeffary Gill, Deputy Warden Graig, Warden Morganson, and C.O. Novak,[1] alleging that defendants were deliberate indifferent to his safety when he was allegedly housed with a mentally ill prisoner who was provided a razor by defendants and who, allegedly attempted to commit suicide with the razor. In the course of attempting to commit suicide, the prisoner allegedly attacked plaintiff, who suffered some cuts and was taken to a hospital as a precaution.

On February 11, 2008, this court issued a scheduling order which, inter alia, directed plaintiff to file his Pretrial Narrative Statement on or before June 16, 2008 [Dkt. 24]. Plaintiff

---

[1] Although the Mercer County Jail was also a named defendant, it was dismissed from the case on August 14, 2008, pursuant to a motion to dismiss. See Dkts. 19, 35, 40.

failed to file a pretrial statement by that date and on July 9, 2008, the court issued an Order to Show Cause, returnable on July 25, 2008, why the case should not be dismissed for failure to prosecute and advising plaintiff that his failure to respond to the order would result in the recommendation that the case, in fact, be dismissed [Dkt. 36]. To date, plaintiff has failed to respond to the Order to Show Cause or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

  (1)  The extent of the party's personal responsibility.

  (2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

  (3)  A history of dilatoriness.

  (4)  Whether the conduct of the party or the attorney was willful or in bad faith.

  (5)  The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

  (6)  The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders which weigh heavily against him. Plaintiff's failure to comply with the court's scheduling order and his subsequent failure to respond to the Order to Show Cause was not only solely his personal responsibility but his failure to do so even at this juncture appears willful and

constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- there appears to be no specific prejudice to defendants as they have not yet been served with the complaint.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff filed this action <u>in</u> <u>forma</u> <u>pauperis</u>, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to respond to two court orders, it appears that plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by September 12, 2008, in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    / s/ *Amy Reynolds Hay*
    AMY REYNOLDS HAY
    United States Magistrate Judge

Dated: August 26, 2008


cc: Henry Edmonds
Mercer County Jail
55 Thompson Road
Mercer, PA 16137

All counsel of record by Notice of Electronic Filing